UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR CAMPBELL,

                Petitioner,                    Case Number 15-12615
                                                        Honorable David M. Lawson

v.

DAVID BERGH,

                Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR A TEMPORARY**
**RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

On July 23, 2015, petitioner Arthur Campbell filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petitioner was convicted following a bench trial in the Detroit Recorder's Court of second-degree murder, assault with intent to commit murder, and possession of a firearm in the commission of a felony. The respondent filed an answer to the petition and filed the Rule 5 materials. The matter presently before the Court is the petitioner's motion for a temporary restraining order or preliminary injunction. The respondent filed an answer in opposition to the petitioner's motion.

The petitioner seeks an order directing the respondent to copy and return legal materials that the petitioner maintains were confiscated by the prison librarian at the Thumb Correctional Facility. The petitioner contends that the prison librarian refused to photocopy a letter that was sent by the State Appellate Defender Office (SADO) to another inmate that may be relevant to the petitioner's case. The librarian also purportedly confiscated the letter. The petitioner contends that the letter from SADO to the other inmate would offer evidentiary support to the petitioner's claim that errors with forensic analysis of ballistics evidence by the Detroit Police Department's Forensic Laboratory

in a number of criminal cases between the years 2003 and 2008 may have extended back to the time of the petitioner's trial in 1986. The petitioner argues that he needs a copy of this letter in order to prepare his reply in support of his petition, which is due on October 3, 2016. The petitioner already filed a reply brief, but was permitted to file a second reply brief when the Court granted the petitioner's motion to expand the record on June 7, 2016. The petitioner also requests an order enjoining the warden at the Thumb Correctional Facility from transferring him to another facility, filing false misconduct charges against the petitioner, or limiting his library time in retaliation against the petitioner's exercise of his constitutional rights.

The petitioner's motion must be denied because his requests for injunctive relief involve conditions of his confinement as opposed to challenges to his underlying conviction, and he failed to show that he would be entitled to the relief he seeks.

Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints like the ones raised by the petitioner, which involve conditions of confinement, "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Ibid.* (quoting *Maddux v. Rose,* 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). An inmate like the petitioner therefore should bring a claim that challenges the conditions of confinement under 42 U.S.C. § 1983. *Ibid.; see also Austin v. Bell,* 927 F. Supp. 1058, 1066

(M.D. Tenn. 1996). Such a claim generally requires the prisoner to file a separate lawsuit. Because the petitioner's allegations in his motion challenge only the conditions of his confinement, his claims "fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell,* 170 F. App'x. 389, 393 (6th Cir. 2006).

Moreover, the petitioner failed to show that he would be entitled to a temporary restraining order or injunction. When determining whether to issue a preliminary injunction, a district court must consider four factors: "(1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction." *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citation omitted); *see also Six Clinics Holding Corp. v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997). Although these factors are to be balanced, the failure to show a likelihood of success on the merits is generally fatal. *Winnett v. Caterpillar, Inc*., 609 F.3d 404, 408 (6th Cir. 2010) ("'[A] preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.'" (quoting *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997)). A district court must make specific findings regarding each of the four factors, unless fewer factors are dispositive of the issue. *See Six Clinics Holding Corp.*, 119 F.3d at 399.

The petitioner is not entitled to the issuance of a temporary restraining order or preliminary injunction because his allegations are speculative and unsupported. The petitioner maintains that the letter from SADO to another inmate bolsters the petitioner's allegation that Detroit Police Department's Forensic Laboratory had high rates of error with the forensic analysis of ballistics evidence at the time of the petitioner's trial in 1986. The petitioner, however, does not provide this

Court with any information concerning the contents of the SADO letter or explain how this information would buttress his contention that the Detroit Police Department's Forensic Laboratory had high rates of error with the analysis of ballistics evidence in 1986. More importantly the petitioner does not explain how this evidence would establish that the forensic analysis of the ballistics evidence in the petitioner's case was inaccurate. The petitioner therefore has failed to demonstrate that he has a strong likelihood of success on the merits of his claim. In addition, the petitioner's conclusory allegations that officials with the Michigan Department of Corrections would retaliate against him for filing this habeas petition or his related documents are insufficient to obtain a temporary restraining order. *See Crump v. Curtis,* 50 F. App'x. 217, 218 (6th Cir. 2002).

Accordingly, it is **ORDERED** that the petitioner's motion for a temporary restraining order and/or preliminary injunction [dkt. #14] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   September 13, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 13, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI